103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard DePAOLI, Petitioner-Appellant,
v.
Daniel E. LUNGREN, Attorney General, Respondent-Appellee.
 No. 96-15907.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernard C. DePaoli, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 DePaoli contends that the trial court's denial of a continuance violated his right to effective assistance of counsel. We affirm the denial of relief on this claim for the reasons stated in the district court's thorough order filed on March 12, 1996.
 
 
 4
 Because DePaoli has failed to allege facts entitling him to relief, the district court did not abuse its discretion by denying his habeas petition without first holding an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, DePaoli also contends that he was entitled to an evidentiary hearing based on "newly discovered" evidence. Because Depaoli did not present this issue to the district court, we decline to consider it here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994)